UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

———————

No.  15-1395

———————

———————————————

UNITED STATES
Appellee,

v.

BRIMA WURIE
Defendant/Appellant.

———————————————

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

————————————————————————————

BRIEF OF DEFENDANT-APPELLANT
BRIMA WURIE

————————————————————————————

Judith H. Mizner
Assistant Federal Public Defender
Federal Public Defender Office
   District of Massachusetts
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061
Identification No.: 11056

# TABLE OF CONTENTS

**Page**

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .-i-

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .-iv-

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issues Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   A.  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   B.  Mr. Wurie's Sentence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

I. *Johnson II* Applies to the Federal Sentencing Guidelines . . . . . . . . . . . . . . . . . .6

II.  The Court Erred in Calculating the Sentencing
     Guidelines by Categorizing Mr. Wurie's Convictions
     For Larceny from the Person, Resisting Arrest,
     Assault and Battery with a Dangerous Weapon, and
     Assault and Battery on a Police Officer as "Crimes of
     Violence" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

   A.  Standard of Review and Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

   B.  The Categorical and Modified Categorical Analyses
      Applicable to the Elemental Clause
      and Enumerated Offenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

   C.  The Approach Specific to the Residual Clause
      Does Not Apply to the Analysis Under the
      Elemental Clause or of Enumerated Offenses . . . . . . . . . . . . . . . . . . . . . . . .20

D.  The Massachusetts Offense of Larceny from
the Person Is Not a Crime of Violence Under
the Elemental Clause of U.S.S.G. §4B1.2(a)(1). . . . . . . . . . . . . . . . . . . . . . . .22

E.  The Massachusetts Offense of Assault and Battery
With a Dangerous Weapon Is Not a Crime of
Violence Under the Elemental Clause of
U.S.S.G. §4B1.2(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

   1.  Whether Massachusetts Assault and Battery
With a Dangerous Weapon is a Single Offense
That may  be Committed by Various Manner
and Means, or Multiple, Distinct, Offenses
(and if Multiple, how Many)  is Ambiguous. . . . . . . . . . . . . . . . . . . . . . 23

   2.  Massachusetts ABDW is not a Categorical
Crime of Violence Under Federal Law. . . . . . . . . . . . . . . . . . . . . . . . . . .29

      a.  ABDW Lacks the Requirement of Violent Force. . . . . . . . . . . . . . . .29

      b. ABDW Lacks the Required *Mens Rea*
Because it may be Committed Recklessly. . . . . . . . . . . . . . . . . . . . . . 34

      c.  Massachusetts ABDW is not Subject to
the Modified Categorical Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

   3.   Remand for Resentencing is Required Even if
the Modified Categorical Analysis is Appropriate. . . . . . . . . . . . . . . . . 40

F.  The Massachusetts Offense of Assault and Battery
On a Police Officer Is Not a Crime of Violence
Under the Elemental Clause of U.S.S.G. §4B1.2(a)(1). . . . . . . . . . . . . . . . 41

   1.  This Court's Prior Recognition That Neither Violence
nor Force are Statutorily Elements of the Offense
of Assault and Battery on a Police Officer Precludes
its Classification as a Crime of Violence. . . . . . . . . . . . . . . . . . . . . . . . . 42

**Page**

G. The Massachusetts Offense of Resisting Arrest
Is Not Categorically a Crime of Violence Under
the Elemental Clause of U.S.S.G. §4B1.2(a)(1). . . . . . . . . . . . . . . . . . . . . . . .46

    1. Massachusetts Resisting Arrest Does Not
Have as an Element the Use of Violent Force
Required by *Johnson I*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

    2. Remand for Resentencing is Required Even if
the Modified Categorical Analysis is Appropriate. . . . . . . . . . . . . . . . .50

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .51

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .52

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

ADDENDUM

    Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Add.1

-iii-

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alleyne v. United States*,
    __U.S.__, 133 S.Ct. 2151(2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37,46

*Archer v. United States*,
    533 U.S. 1002 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Avalos v. United States*,
    555 U.S. 1132 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Begay v. United States*,
    553 U.S. 137 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8,9,20,21

*Beltran v. United States*,
    131 S.Ct. 899 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bifulco v. United States*,
    447 U.S. 381 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Chambers v. United States*,
    555 U.S. 122 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Commonwealth v. Appleby*,
    380 Mass. 296, 402 N.E.2d 1051 (Mass. 1980). . . . . . . . . . .24-25,26,27,39

*Commonwealth v. Burke*,
    390 Mass. 480, 457 N.E.2d 622 (Mass. 1983). . . . . . . . . . . . . . . . . . . . . 25

*Commonwealth v. Burno*,
    396 Mass. 622, 487 N.E.2d 1366 (Mass. 1986). . . . . . . . . . . . . . . . 25,26,39

*Commonwealth v. Cohen*,
    55 Mass.App.Ct. 358, 771 N.E.2d 176 (Mass.App.Ct. 2002). . . . . . . . . . 39

**Page**

*Commonwealth v. Connolly*,
    49 Mass.App.Ct. 424, 730 N.E.2d 318 (Mass.App.Ct. 2000). . . . . . . . . . 24

*Commonwealth v. Correia*,
    50 Mass.App. Ct. 455, 737 N.E.2d 1264 (Mass.App.Ct. 2000). . . . . . . . .44

*Commonwealth v. Davis*,
    83 Mass.App.Ct. 1108 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

*Commonwealth v. Eberhart*,
    461 Mass. 809 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28,37-38,39

*Commonwealth v. Ford*,
    424 Mass. 709, 677 N.E.2d 1149 (Mass. 1997). . . . . . . . . . . . . . . . . . . . 25

*Commonwealth v. Joyce*,
    84 Mass.App.Ct. 574, 998 N.E.2d 1038 (Mass.App.Ct. 2013). . . . . . . . . . 48

*Commonwealth v. Katykhin*,
    59 Mass.App.Ct. 261, 794 N.E.2d 1291 (Mass.App.Ct. 2003). . . . . . . . . . 48

*Commonwealth v. Maylott*,
    65 Mass.App.Ct. 466, 841 N.E.2d 717 (Mass.App.Ct. 2006). . . . . . . . . . . 48

*Commonwealth v. Medina*,
    43 Mass.App.Ct. 534, 684 N.E.2d 638 (Mass.App.Ct. 1997). . . . . . . . . . . 43

*Commonwealth v. Mistretta*,
    84 Mass.App.Ct. 906 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

*Commonwealth v. Moore*,
    36 Mass.App.Ct. 455, 632 N.E.2d 1234 (Mass.App.Ct. 1994). . . . . . . .43-44

*Commonwealth v. Porro*,
    458 Mass. 526, 939 N.E.2d 1157 (Mass. 2010). . . . . . . . . . . . . . . . . . . .24,26

**Page**

*Commonwealth v. Rosario*,
13 Masss.App.Ct. 920, 430 N.E.2d  866 (1982) (rescript). . . . . . . . . . . . .44

*Commonwealth v. Santos*,
440 Mass. 281 (2003), *overruled on other grounds*
*Commonwealth v. Anderson*, 461 Mass. 616 (2012). . . . . . . . . . . . . . . . .27

*Commonwealth v. Welch*,
16 Mass.App.Ct. 271, 450 N.E.2d 1100 (Mass.App.Ct. 1983). . . . . . . . . 26

*Commonwealth v. Zekirias*,
443 Mass. 27, 819 N.E.2d 166 (Mass. 2004). . . . . . . . . . . . . . . . . . . . . . . 43

*Cruz v. United States*,
555 U.S. 1132 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Descamps v. United States*,
__U.S.__, 133 S.Ct. 2276 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Fuller v. United States*,
132 S.Ct. 755 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Henderson v. United States*,
533 U.S. 1002 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Holman v. United States*,
555 U.S. 801(2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Hopkins v. United States*,
555 U.S. 1132 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*James v. United States*,
550 U.S. 192 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6,7,20

**Page**

*Johnson v. United States*,
     559 U.S. 133 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .passim

*Johnson v. United States*,
     __U.S.__, 135 S.Ct. 2551 (2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Leocal v. Ashcroft*,
     543 U.S. 1 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Miller v. United States*,
     533 U.S. 1002 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8-9

*Mills v. United States*,
     555 U.S. 1131 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Peugh v. United States*,
     __U.S.__, 133 S.Ct. 2072 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . 10,11,12

*Richardson v. United States*,
     526 U.S. 813, 817-818 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .37

*Rogers v. United States*,
     131 S.Ct. 3018 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Shepard v. United States*,
     544 U.S. 13 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16,40

*Stinson v. United States*,
     508 U.S. 36 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sykes v. United States*,
     131 S.Ct. 2267 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Taylor v. United States*,
     495 U.S. 575 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

**Page**

*United States v. Almenas*,
    553 F.3d 27 (1st Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16,49

*United States v. Booker*,
    543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*United States v. Boose*,
    739 F.3d 1185 (8th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35

*United States v. Bowen*,
    127 F.3d 9 (1st Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10,38

*United States v. Brown*,
    765 F.3d 185 (3rd Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

*United States v. Castro-Vazquez*,
    __F.3d__, 2015 WL 5172839 (1st Cir. 2015). . . . . . . . . . . . . . . . . . . . . 14

*United States v. Cuevas*,
    778 F.3d 267 (1st Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*United States v. Dancy*,
    640 F.3d 455 (1st Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . .41,42,43

*United States v. Darden*,
    No.14-5537 (6th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*United States v. Davis*,
    676 F.3d 3 (1st Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .49

*United States v. De Jesus*,
984 F.2d 21 (1st Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16,22

*United States v. Fernandez*,
    121 F.3d 777 (1st Cir. 1997). . . . . . . . . . . . . . . . . . . . . .16,41,42,43,46

-viii-

**Page**

*United States v. Fish*,
758 F.3d 1 (1st Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29,30,31,34,35

*United States v. Gillespie*,
No.15-1686 (7th Cir. 2015) (pending). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Glover*,
558 F.3d 71 (1st Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . .16,24,29,32,33

*United States v. Goodwin*,
No. 13-1466 (10th Cir. 2015) (pending). . . . . . . . . . . . . . . . . . . . . . . 13,14

*United States v. Grupee*,
682 F.3d 143 (1st Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .49

*United States v. Harbin*,
Nos. 14-3956/3964, D.E.34 (6th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . .14

*United States v. Hart*,
674 F.3d 33 (1st Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29

*United States v. Hemingway*,
734 F.3d 323 (4th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

*United States v. Herrick*,
545 F.3d 53 (1st Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*United States v. Holloway*,
630 F.3d 252 (1st Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,28

*United States v. Jonas*,
689 F.3d 83 (1st Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*United States v. Lee*,
317 F.3d 26 (1st Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .37

**Page**

*United States v. Lee*,
No. 13-10507 (9th Cir. 2015) (pending)............................13

*United States v. McGhee*,
651 F.3d 153 (1st Cir. 2011)...................................15

*United States v. McMurray*,
653 F.3d 367 (6th Cir. 2011)...................................35

*United States v. Maldonado*,
614 F.3d 14 (1st Cir. 2010)..................................10,11

*United States v. Marquez*,
626 F.3d 214 (5th Cir. 2010)...................................8

*United States v. Martinez*,
762 F.3d 1273 (1st Cir. 2014)..................................17

*United States v.Montes-Flores*,
736 F.3d 357 (4th Cir. 2013)...................................17

*United States v. O'Brien*,
560 U.S. 218, 224 (2010)....................................37,46

*United States v. Pagan-Soto*,
No. 13-2243 (1st Cir. 2015)...................................12

*United States v. Palomino Garcia*,
606 F.3d 1317 (11th Cir. 2010).................................35

*United States v. Prater*,
766 F.3d 501 (6th Cir. 2014)...................................8

*United States v. Ramos-Gonzalez*,
775 F.3d 483 (1st Cir. 2015)...........................8,18,30,36

-x-

**Page**

*United States v. Rodriguez*,
659 F.3d 117 (1st Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,23

*United States v. Rosales-Bruno*,
676 F.3d 1017 (11th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . .17

*United States v. Royal*,
731 F.3d 333 (4th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . .37

*United States v. Serrano-Mercado*,
784 F.3d 838 (1st Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*United States v. Smith*,
No.14-2216 (10th Cir. 2015) (pending). . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Talmore*,
No. 13-10650(9th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*United States v. Tavares*,
705 F.3d 4 (1st Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .49

*United States v. Tichenor*,
683 F.3d 358 (7th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . 11,13

*United States v. Valdez-Martinez*,
295 Fd.Appx. 832 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . .35

*United States v. Weekes*,
611 F.3d 68 (1st Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . .49

*United States v. Whitson*,
597 F.3d 1218 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . .8

*United States v. Willings*,
588 F.3d 56 (1st Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

**Page**

*United States v. Wivell*,
    893 F.2d 156 (8th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*United States v. Wurie*,
    F.3d__ (1st Cir. 20 ), *aff'd*, *Riley v. California*,
    __U.S.__, 134 S.Ct. 2473 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*United States v. Zhang (Demott*)
    Nos. 13-3410, 13-4283, 14-178(2nd Cir. 2015) (pending). . . . . . . . . . . . .13

*United States v. Zuniga-Soto*,
    527 F.3d 1110 (10th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .35

## Constitutional, Statutory, and Regulatory Provisions

United States Constitution
    Art. I, §9, Ex Post Facto Clause. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10,12
    Fifth Amendment, Due Process Clause . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Sixth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

18 U.S.C.
    §16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,29,30,32,34
    §924(e)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
    §924(e)(2)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,21,35
    §924(e)(2)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,17
    §931 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
    §3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    §3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.
    §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Page**

United States Sentencing Guidelines
    §4A1.2(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
    §4B1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1,41
    §4B1.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,49
    §4B1.2(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .passim
    §4B1.2(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,14,17,29
    §2K2.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9,13,14,32
    §2L1.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
    §2L1.2 Application Notes 1(B)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . .35
    App.C, amendment 268. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
    App.C, amendment 568. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

M.G.L.A.
    c.265 §13A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23-24
    c.265 §13D . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41
    c.265 §15A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23,27
    c.266 §25(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22
    c.268 §32B . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46,47,48,49

**Other Authorities**

http://www.mass.gov/courts/docs/courts-and-judges/courts/
    district-court/jury-instructions-criminal/6000-9999/6300-
    assault-and-battery-by-means-of-a-dangerous-weapon.pdf. . . . . . . . . . . . . 27,28

http://www.mass.gov/courts/docs/courts-and-judges/
    courts/district-court/jury-instructions-criminal/
    6000-9999/6210-assault-and-battery-on-police-
    officer-or-public-employee.pdf. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44,45

http://www.mass.gov/courts/docs/courts-and-judges/courts/
    district-court/jury-instructions-criminal/
    6000-9999/7460- resisting-arrest.pdf. . . . . . . . . . . . . . . . . . . . . . . . . . .48,49

## JURISDICTIONAL  STATEMENT

The United States District Court for the District of Massachusetts had jurisdiction over this case pursuant to 18 U.S.C. §3231.

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. §1291, which confers jurisdiction to review all final decisions of the district courts and 18 U.S.C. §3742, which confers jurisdiction to review sentences imposed by the district court.

## ISSUES PRESENTED FOR REVIEW

1.  Whether the residual clause of the "crime of violence" definition in the federal sentencing guidelines (part of §4B1.2(a)(2)) is unconstitutionally vague following the Supreme Court's determination in *Johnson v. United States*, __U.S.__, 135 S.Ct. 2551 (2015) that the identically worded provision in the Armed Career Criminal Act's definition of "violent felony" is unconstitutionally vague?

2.  Whether the district court erred in relying on defendant's prior convictions for resisting arrest, larceny from the person, assault and battery with a dangerous weapon and  and assault and battery on a police officer in determining that Mr. Wurie was a career offender under U.S.S.G. §4B1.1?

## STATEMENT OF THE CASE

**A.  Introduction**

Mr. Wurie was classified as a career offender based on prior Massachusetts convictions for offenses deemed crimes of violence under the residual clause of the guidelines provision defining "crime of violence."  In *Johnson v. United States*, __U.S.__, 135 S.Ct. 2551 (2015) (*Johnson II)* the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA)  "violent felony" definition in 18 U.S.C. §924(e)(2)(B)(ii) was unconstitutionally vague.  The residual clause of the definition of "crime of violence" (part of U.S.S.G. §4B1.2(a)(2)) is identically worded and, Mr. Wurie maintains, is similarly void for vagueness.  If this Court agrees, it must determine whether his Massachusetts convictions for larceny from the person, resisting arrest, assault and battery with a dangerous weapon, and assault and battery on a police officer – all offenses which this Court has deemed crimes of violence under the residual clause –  are crimes of violence under the elemental clause which, in both the ACCA and guidelines provisions, states that a violent felony/crime of violence is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."   The Supreme Court held in *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*) that the physical force required under the elemental

clause is violent force.

## B.  Mr. Wurie's Sentence

Brima Wurie was sentenced on March 16, 2015 to a term of 168 months (14 years) imprisonment for the distribution of 6.4 grams of cocaine base on September 7, 2008 (App.17-18[1]).[2]  He was classified as a career offender based on prior Massachusetts convictions for larceny from the person, resisting arrest, assault and battery with a dangerous weapon  ("ABDW"), and assault and battery on a police officer ("ABPO") (S.Add.26).  Based on an offense level of 32 and a Criminal History Category ("CHC") level VI, the career offender guideline range was 210 - 262 months.  However, since the statutory maximum for the offense of conviction was 240 months, the guideline range became 210-240 months.

Absent the career offender classification, Mr. Wurie's offense level for the count of conviction alone would have been 16, his CHC remained a level VI, and

---

[1]  "App." refers to the Appendix filed by Mr. Wurie.  "Add." will refer to the Adendum to this brief.  "S.Add." will refer to the Sealed Addendum filed by Mr. Wurie.

[2]  Mr. Wurie was originally sentenced to a term of 262 months and five years of supervised release based on his convictions for possession of a firearm by a felon and possession of 215.8 grams of crack cocaine as well as the distribution for which he was resentenced on March 16, 2015.  The felon in possession and drug possession convictions were vacated by this Court in *United States v. Wurie*, F.3d__ (1st Cir. 20 ), *aff'd*, *Riley v. California*, __U.S.__, 134 S.Ct. 2473 (2014).

the sentencing guideline range would have been 46 to 57 months. With a two

level enhancement for the firearm in the vacated firearm count the GSR would

have been 57-71 months. Adding the drug quantity from the vacated charges

would have produced a base offense level of 28 and a GSR of 140-175 months.

With the two level enhancement for the vacated firearm charge the GSR would

have been 168-210 months.

## SUMMARY OF ARGUMENT

I.  The Supreme Court's holding in *Johnson v. United States*, __U.S.__, 135

S.Ct. 2551 (2015) (*Johnson II*) that the residual clause of the "violent felony"

definition in the Armed Career Criminal Act (18 U.S.C. §924(e)(2)(B)) (ACCA) is

unconstitutionally vague applies to the identically worded residual clause of the

"crime of violence" definition used for enhancement in the United States

Sentencing Guidelines (U.S.S.G. §4B1.2(a)).  As in the ACCA context, its use to

enhance a defendant's sentence violates due process.

II.  Mr. Wurie was classified as a career offender.  His sentencing guideline

range was enhanced based on prior Massachusetts convictions for resisting arrest,

larceny from the person,  assault and battery with a dangerous weapon, and assault

and battery on a police officer, all of which are currently classified by this Court as

"crimes of violence" under the residual clause of the career offender provision of

4

the United States Sentencing Guidelines.  All of these offenses are common law

offenses whose elements are defined by Massachusetts case law.  Following

*Johnson II*, none of those Massachusetts offenses are categorically crimes of

violence.  They are not enumerated offenses and they do not require the violent

force and/or intent necessary to qualify under the elemental clause.

Under Massachusetts case law and jury instructions, which inform an

elemental analysis, assault and battery with a dangerous weapon (ABDW) and

assault and battery on a police officer (ABPO)  may both be committed by an

intentional touching, however slight.  Accordingly they lack the violent force

needed for classification as a categorical  crime of violence under the elemental

clause.  They may also be committed recklessly and therefore lack the mens rea

required to qualify as a categorical crime of violence under the elemental clause.

Whether ABDW or ABPO are each single offenses that may be committed in

various ways or each encompass multiple, distinct offenses is ambiguous.

Accordingly, they are not subject to the modified categorical analysis employed

where a statute includes more than one offense, one of which, but not all, may

qualify as a categorical crime of violence.

Conviction for resisting arrest does not require proof of violent force and,

accordingly cannot qualify as a categorical crime of violence under the elemental

clause.

This Court has previously held that larceny from the person is not, elementally, a crime of violence.

Because Mr. Wurie's classification as a career offender was based on convictions for offenses which no longer qualify as categorical crimes of violence his sentence must be vacated and the case remanded for resentencing. Remand for resentencing is required even if application of the modified categorical analysis is appropriate for any of his predicate offenses, as the government has not established that any of those predicates were for a violent form.

## ARGUMENT

## I. *JOHNSON II* APPLIES TO THE FEDERAL SENTENCING GUIDELINES

*Johnson II* reiterated that:

[t]he prohibition of vagueness in criminal statutes "is a well-recognized requirement,"... and a statute that flouts it "violates the first essential of due process."...These principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences.

135 S.Ct. at 2556-2557. Analyzing the residual clause of the Armed Career Criminal Act ("ACCA"), which, unlike the elements clause, requires evaluating the effects of the manner in which the offense is typically committed rather than only offense elements (*see James v. United States*, 550 U.S. 192 (2007)), the

Court found "grave uncertainty" in estimating the risk posed by a crime where the analysis required first determining "the ordinary case" of the crime and then determining the degree of risk posed by that ordinary case compared to the risk posed by the four enumerated offenses. *Id*. at 2557-2558. The Court held that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557. It discussed the "grave uncertainty" in estimating the risk posed by a particular offense and the "indeterminancy" about the risk necessary for an offense to qualify as a violent felony. *Id*. at 2557-2558. The Court also noted "pervasive disagreement" among lower courts about the nature of the inquiry to be made and the factors to be considered in applying the residual clause. *Id*. at 2560. In sum, the residual clause is "vague in all its applications." *Id*. at 2561.

The same vagueness exists in the guidelines. The residual clauses of the ACCA's "violent felony" definition and the federal sentencing guidelines "crime of violence" definition are identical; the guidelines took the definition from the ACCA in 1989, replacing the prior guidelines definition which had been derived from 18 U.S.C. §16. U.S.S.G.app.C, amend. 268. As this Court stated in *United States v. Cuevas*, 778 F.3d 267, 273 (1st Cir. 2015), "...there is no principled

difference between enhancements under the ACCA and increases under the

Sentencing Guidelines."  This Court, and other circuit courts of appeals, have

accordingly relied upon ACCA cases in applying the guidelines crime of violence

provision and vice versa.  "[C]ourts consistently have held that decisions

construing one of these phrases generally inform the construction of the

other....Consequently, we refer to both bodies of jurisprudence seamlessly."

*United States v. Jonas*, 689 F.3d 83, 86 and n.1 (1st Cir. 2012)  *See also, e.g.,*

*United States v. Serrano-Mercado*, 784 F.3d 838, 843 n.4 (1st Cir. 2015); *United*

*States v. Ramos-Gonzalez*, 775 F.3d 483, 504 n.24 (1st Cir. 2015); *United States v.*

*Rodriguez*, 659 F.3d 117, 119 and n.1 (1st Cir. 2011); *United States v. Holloway*,

630 F.3d 252, 254 n.1 (1st Cir. 2011); *United States v. Willings*, 588 F.3d 56, 58

n.2 (1st Cir. 2009); *United States v. Marquez*, 626 F.3d 214, 217 and n.20 (5th Cir.

2010) (and cases cited therein); *United States v. Prater*, 766 F.3d 501, 518 (6th

Cir. 2014); *United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010).

     The United States Supreme Court has remanded guidelines cases for further

consideration in light of its prior ACCA "violent felony" decisions.  *See e.g.*

*Henderson v. United States*, 533 U.S. 1002 (2008) (remand for further

consideration of guidelines enhancement under §2K2.1 in light of *Begay*[3]); *Miller*

---

[3]  *Begay v. United States*, 553 U.S. 137 (2008).

8

*v. United States*, 533 U.S. 1002 (2008) (same); *Holman v. United States*, 555 U.S. 801(2008) (remand for further consideration of guidelines enhancement under career offender provision in light of *Begay*); *Archer v. United States*, 533 U.S. 1002 (2008) (same ); *Hopkins v. United States*, 555 U.S. 1132 (2009) (remand for further consideration of guidelines enhancement under career offender provision in light of *Chambers*[4]); *Avalos v. United States*, 555 U.S. 1132 (2009) (same); *Mills v. United States*, 555 U.S. 1131 (2009) (same); *Cruz v. United States*, 555 U.S. 1132 (2009) (remand for further consideration of guidelines enhancement under §2K2.1 in light of *Chambers*); *Fuller v. United States*, 132 S.Ct. 755 (2011) (remand for further consideration of guidelines enhancement under §2K2.1 in light of *Sykes*[5]); *Rogers v. United States*, 131 S.Ct. 3018 (2011) (same); *Beltran v. United States*, 131 S.Ct. 899 (2011) (remand for further consideration of guidelines enhancement under career offender provision in light of *Johnson I*[6]).[7]

---

[4]  *Chambers v. United States*, 555 U.S. 122 (2009).

[5]  *Sykes v. United States*, 131 S.Ct. 2267 (2011).

[6]  *Johnson v. United States*, 559 U.S. 133 (2010).

[7]  Most recently, the Supreme Court granted certiorari, vacated judgment, and remanded for further consideration in light of *Johnson II* in eight guidelines career offender cases.  *See* June 30, 2015 Order list, *available at*: http://www.supremecourt.gov/orders/courtorders/063015zr_pnk0.pdf (guidelines cases  *Cooper*, *Talmore*, *Smith*, *Maldonado*, *Beckles*, *Denson*, *Wynn*, and *Jones)*.

Four of the six lower court cases cited by the Court in *Johnson II*'s discussion of the difficulties lower federal courts have had in consistently applying the residual clause addressed the guidelines residual clause. *Johnson II*, 135 S.Ct. at 2560.

Neither the Supreme Court nor this Court has held or described the guidelines to be beyond the scope of constitutional challenge. The Supreme Court has applied constitutional protections to the interpretation and application of the sentencing guidelines. *See e.g. Peugh v. United States*, __U.S.__, 133 S.Ct. 2072 (2013) (ex post facto protection); *United States v. Booker*, 543 U.S. 220 (2005) (Sixth Amendment). *See also Stinson v. United States*, 508 U.S. 36, 38 (1993) (commentary to the sentencing guidelines is authoritative "unless it violates the Constitution or a federal statute,..."). This Court applied the rule of lenity to the guidelines, addressing the question of whether the definition of the term "hashish oil" as used in both the Controlled Substances Act and the federal sentencing guidelines was "unconstitutionally vague or so ambiguous as to require the application of the rule of lenity." *United States v. Bowen*, 127 F.3d 9,10 (1st Cir. 1997). In *United States v. Maldonado*, 614 F.3d 14 (1st Cir. 2010) this Court applied the rule of lenity to hold that a Massachusetts state conviction for "attaching plates" was not a conviction for which two points should be assessed in calculating defendant's criminal history category. The question answered was

whether attaching plates was similar to listed offenses in §4A1.2(c)(1) which were not counted in calculating criminal history under certain circumstances. The Court noted: "The rule of lenity applies 'when substantial ambiguity as to the guideline's meaning persists even after a court looks to its text, structure, context, and purposes.'" 614 F.3d at 19 n.4.

Accordingly, if the residual clause of the ACCA is unconstitutionally vague, the provisions of the guidelines incorporating that provision are also unconstitutionally vague. That vagueness conflicts with the guidelines' role of providing a uniform framework for sentencing and produces unpredictable and arbitrary applications of that sentencing framework.

While some courts have held that the vagueness doctrine does not apply to the sentencing guidelines (*see United States v. Tichenor*, 683 F.3d 358, 367 (7th Cir. 2012); *United States v. Wivell*, 893 F.2d 156, 159 (8th Cir. 1990)[8]), Wurie submits that the Supreme Court's decision in *Peugh v. United States*, __U.S.__, 133 S.Ct. 2072 (2013), reversing a Seventh Circuit decision that the *Ex Post Facto* Clause did not apply to the sentencing guidelines, supports the conclusion that those earlier decisions should not be followed. In *Peugh*, the Court discussed the

---

[8] *Wivell* concluded that vagueness doctrine was limited to liability for misconduct and did not apply to sentencing (893 F.2d at 159-160), but *Johnson II* applies vagueness principles to sentencing.

centrality of the guidelines to federal sentencing (*Id*. at 2080-2081, 2083). They are "the framework for sentencing." *Id*. at 2083. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id*. at 2084. The Court held that the constitutional protections afforded by the *Ex Post Facto* Clause applied to decisions under the sentencing guidelines notwithstanding the district court's sentencing discretion and the guidelines' non-binding nature. The constitutional protections afforded by application of the vagueness doctrine of the Due Process Clause of the Fifth Amendment should similarly apply to the guidelines.

Application of the core constitutional protection of due process here requires holding that the residual clause of the "crime of violence" definition is unconstitutionally vague and cannot support classification of an offense as a crime of violence under the sentencing guidelines. The government has so conceded. In its supplemental brief filed in this Court in *United States v. Pagan-Soto*, No. 13-2243 ("G.S.B"), the Department of Justice stated:

> The position of the United States is that *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded Guidelines residual clause. This affects the application of the career offender Guideline...as well as other Guidelines that use the career- offender Guideline's definition of "crime of violence."[including the guidelines provision at issue in this case].

12

 (G.S.B. p.6, filed 08/11/2015) .  This Court accepted the government's

concession in that case (Judgment  p.2, entered 08/27/2015).   The United States

has made the same concession in other courts of appeals.  *United States v.*

*Goodwin*, No. 13-1466, United States' Supplemental Brief, p.9, filed 08/21/2015

(10th Cir. 2015); *United States v. Smith*, No.14-2216, United States' Supplemental

Brief, p.3-9, filed 09/10/2015 (10th Cir. 2015) *United States v. Lee*, No. 13-10507,

D.E. 41, filed 08/17/2015  (9th Cir. 2015); *United States v. Zhang (Demott*) , Nos.

13-3410, 13-4283, 14-178) D.E. 135, filed 08/13/2015 (2nd Cir. 2015).  In *United*

*States v. Gillespie*, No.15-1686 (7th Cir. 2015), the government has filed a brief

(Doc.14, filed 9/14/2015) not only conceding that *Johnson II* applies to the

residual clause definition of crime of violence in the guidelines and agreeing that

the guidelines definition is unconstitutionally vague, but also agreeing that the

Seventh Circuit should overrule *United States v. Tichenor*.  Brief, p.7.

 Three circuit courts of appeals have applied *Johnson II* to vacate sentencing

guidelines enhancements.  The Tenth Circuit vacated a sentence based on an

enhancement under §2K2.1(a) and remanded for resentencing without the

enhancement, stating that the language of the residual clause of the guidelines is

"essentially identical" to that of the ACCA declared void for vagueness in

*Johnson II*, and concluding "[t]herefore, the district court's reliance on

13

§4B1.2(a)(2)'s residual clause in enhancing [defendant's] sentence was error."

*United States v. Godwin*, No. 13-1466, Order and Judgment, filed 09/04/2015

(10th Cir. 2015).  The Sixth Circuit has vacated sentences based on career

offender enhancements and remanded for reconsideration in light of *Johnson II*,

stating that the ACCA and career offender residual clauses have been interpreted

identically.  *United States v. Darden*, No.14-5537, D.E.36, per curiam Opinion,

filed 07/06/2015 (6th Cir. 2015); *United States v. Harbin*, Nos. 14-3956/3964,

D.E.34, per curiam Opinion, filed 07/20/2015 (6th Cir. 2015).  The Ninth Circuit

has vacated a sentence based on a guidelines enhancement under 2K2.1 and

remanded for resentencing in light of the government's concession that *Johnson II*

applies to the guidelines *United States v. Talmore*, No. 13-10650 D.E. 45, Order,

filed 08/24/2015 (9th Cir. 2015).

     This Court recently recognized that *Johnson II*'s striking of the ACCA

residual clause as unconstitutionally vague  "has called the residual clause [of the

guidelines] into question," but did not decide "whether the residual clause of the

guidelines fails under *Johnson [II]*." *United States v. Castro-Vazquez*, __F.3d__,

2015 WL 5172839 at *9 (1st Cir. 2015).  For the reasons set forth above, Wurie

submits that this Court should now hold that the residual clause of the guidelines,

like the residual clause of the ACCA, is unconstitutionally vague.  This Court

should then address whether his prior convictions in the Commonwealth of Massachusetts for larceny from the person, assault and battery with a dangerous weapon, assault and battery on a police officer, and for resisting arrest –previously held to be crimes of violence under the residual clause –  are crimes of violence under U.S.S.G. §4B1.2(a)(1) (the elemental clause).

If Mr. Wurie's prior Massachusetts convictions no longer qualify as predicates for career offender status a remand for resentencing is required.  As this Court stated in *United States v. McGhee*, 651 F.3d 153, 158 (1st Cir. 2011): "Career offender status usually causes a significant increase in the guideline range, ...which even post-*Booker* often influences the final sentence,..."   Here, as in *McGhee*, that Wurie received a sentence lower than the career offender guideline range does not mean it did not affect the determination of the sentence imposed.


## II. THE COURT ERRED IN CALCULATING THE SENTENCING GUIDELINES BY CATEGORIZING MR. WURIE'S CONVICTIONS FOR LARCENY FROM THE PERSON, RESISTING ARREST, ASSAULT AND BATTERY WITH A DANGEROUS WEAPON, AND ASSAULT AND BATTERY ON A POLICE OFFICER AS "CRIMES OF VIOLENCE"

### A.  Standard of Review and Introduction

This Court reviews questions of law involved in sentencing decisions *de novo*.  *United States v. Herrick*, 545 F.3d 53, 55 (1st Cir. 2008).  Mr. Wurie

objected to the classification of his prior convictions as crimes of violence, maintaining that the residual clause of the guidelines was unconstitutionally vague and objecting to the use of non-*Shepard*[9] documents in classifying prior convictions (S.Add.58-63).

Mr. Wurie's prior convictions for larceny from the person, resisting arrest, assault and battery on a police officer, and assault and battery with a dangerous weapon are all currently classified by this Court as "crimes of violence" under the career offender provisions of the Sentencing Guidelines.[10]

In *Johnson II* the Supreme Court changed the framework for determining whether a prior conviction is a violent felony under the ACCA, holding the residual clause of the ACCA's definition of violent felony to be unconstitutionally vague and its use to classify a prior conviction as a sentence- enhancing violent felony to be a violation of due process.  As set out in Argument I, *supra*, Wurie submits this analysis also applies to the residual clause of the federal sentencing

---

[9] *Shepard v. United States*, 544 U.S. 13 (2005) (limiting types of documents to be used in classifying prior convictions).

[10] *See e.g. United States v. De Jesus*, 984 F.2d 21 (1st Cir. 1993) (larceny from the person); United *States v. Glover*, 558 F.3d 71 (1st Cir. 2009) (assault and battery dangerous weapon); *United States v. Fernandez*, 121 F.3d 777 (1st Cir. 1997 (assault and battery on a police officer); *United States v. Almenas*, 553 F.3d 27 (1st Cir. 2009) (resisting arrest).

guidelines crime of violence.  Post-*Johnson II*, a prior conviction may be found to

be a violent felony or crime of violence only if it is an offense that "has an element

the use, attempted use, or threatened use of physical force against the person of

another" as required by 18 U.S.C. §924(e)(2)(B)(i) or U.S.S.G. §4B1.2(a)(1)  or is

one of the enumerated offenses in §924(e)(2)(B)(ii) or §4B1.2(a)(2).

## B.  The Categorical and Modified Categorical Analyses Applicable to the Elemental Clause and Enumerated Offenses

In a number of decisions prior to *Johnson II* the Supreme Court had

developed a methodology for determining whether a prior conviction qualified as

a violent felony under §924(e)(2)(B) of the ACCA.  Lower federal courts,

including this Court, used that methodology not only in ACCA cases, but also to

determine whether a prior conviction qualified as a crime of violence under

U.S.S.G. §4B1.2.[11] *See e.g. United States v. Martinez*, 762 F.3d 127, 133 (1st Cir.

2014); *United States v.Montes-Flores*, 736 F.3d 357 (4th Cir. 2013); *United States

v. Rosales-Bruno*, 676 F.3d 1017 (11th Cir. 2012).

The methodology, called a categorical analysis, examines the elements of

the offense of conviction rather than the facts underlying that conviction.  For the

elemental clause, the court determines whether the elements of the offense of

_____

[11]  With one difference in the enumerated offenses not relevant here, the definitions in both provisions are the same.

conviction include, as necessary for conviction, the use of force against the person

of another. *See e.g. Johnson v. United States*, 559 U.S. 133 (2010) (hereafter

*Johnson I*). For an enumerated offense the court compares the elements of the

offense of conviction with the elements of the enumerated offense. *See e.g.*

*Descamps v. United States*, __U.S.__, 133 S.Ct. 2276 (2013).

> This Court has summarized:

> Under the categorical approach, an offense constitutes a crime of violence "only if its elements are such that we can conclude that a person convicted of the offense has 'necessarily' been found guilty of conduct that meets the [statutory/guidelines] definition." [citation omitted]. The categorical approach limits the court's inquiry to "'the elements of the statute of conviction, not...the facts of each defendant's conduct.'" [citations omitted].

*United States v. Ramos-Gonzalez*, 775 F.3d at 504.

> Where an offense includes alternative elements creating more than one

offense, and one or more, but not all, of the alternative offenses constitutes a

violent felony/crime of violence, courts may employ a *modified* categorical

analysis, examining a limited universe of documents and records to determine

whether a conviction was for the violent form of the offense.

> When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the "modified categorical approach,"...permits a court to determine which statutory phrase was the basis for the conviction by consulting [a limited

universe of documents and records] .

*Johnson I*, 559 U.S. at 144.

In *Descamps v. United States*, the Court emphasized the elemental nature of both the categorical and modified categorical analyses and discussed their application to indivisible and divisible statutes. It reiterated that courts must first apply the categorical analysis to determine whether the elements of an offense establish a violent felony.  If a statute is simply overbroad, the inquiry ends there. "[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form.  The key, we emphasized, is elements, not facts. " 133 S.Ct. at 2283.  If a statute is divisible, "*i.e.*, comprises multiple, alternative versions of the crime" (*id*. at 2284) or "lists multiple, alternative elements and so effectively creates 'several different...crimes.'" (*id*. at 2285), and "at least one but not all of those crimes [qualifies as a crime of violence]" (*id*.), then a court may employ a modified categorical analysis to determine which version of the crime is the crime of conviction; the analysis is used to compare the elements of the offense of conviction with the elements of a crime of violence.  *Id*. The modified categorical analysis does not apply where a statute contains multiple versions of an offense (*i.e.* is divisible), none of which is, categorically, a crime of

violence.  *See United States v. Brown*, 765 F.3d 185, 194-195 (3rd Cir. 2014) and cases cited therein.

### C.  The Approach Specific to the Residual Clause Does Not Apply to the Analysis Under the Elemental Clause or of Enumerated Offenses

In prior cases applying the categorical/modified categorical analyses to convictions under the now-unconstitutional residual clause, the Court employed additional factors that are not part of elemental clause or enumerated offense analysis.  As explained in *James v. United States*, 550 U.S. 192 (2007), the Court employed the categorical analysis to determine whether attempted burglary under a Florida statute was a violent felony under the residual clause of the ACCA, examining the elements of the offense and not the specific conduct involved.  *Id*. at 202.  However, it added that in conducting the residual clause analysis the Court would look at "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another."  *Id*. at 208.

Addressing whether a DUI offense was a violent felony under the residual clause, the Court in *Begay v. United States*, 553 U.S. 137 (2008) reiterated that it examines the offense "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."

20

at 141.  However it added another qualification to the residual clause analysis.  In addition to being an offense that involved conduct presenting a serious risk of injury, a violent felony under the residual clause must also be "roughly similar, in kind as well as in degree of risk posed, to the [enumerated offenses] themselves." at143.  This similarity required determining whether the offense at issue involved purposeful, violent, aggressive conduct.  *Id*. at 144-145.

The additions to the categorical/modified categorical analyses applied to determining whether an offense qualified as a violent felony under the residual clause are not applicable to evaluating whether an offense so qualifies under the elemental clause.  Under the elemental clause, the court must determine whether the offense of conviction "has, as an element, the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. §924(e)(2)(B)(i); *see also* U.S.S.G. §4B1.2(a)(1).  As the Supreme Court's analysis in *Johnson I* shows, "ordinary case" considerations and comparative risk analysis are irrelevant to this evaluation.

In *Johnson I* the Supreme Court examined a Florida battery statute which, under state law, had been construed by the Florida Supreme Court as permitting proof of a battery in one of three ways, including an intentional touching, no matter how slight the contact.  The Court held that this intentional touching form

21

of the Florida offense did not constitute a violent felony under the elemental, or force, provision of the ACCA.  In the context of a statute such as the ACCA, using the phrase "physical force" "in defining not the crime of battery, but rather the statutory category of 'violent felon[ies],'...",  "the phrase 'physical force' means *violent* force - that is force capable of causing physical pain or injury to another person."  559 U.S. at 139-140.  The Court did not look to the "ordinary case" in its analysis.  Nor did it look  to any comparative degree of risk of violent force.  It simply examined the elements of the offense to determine whether they established the elementally required use of violent physical force.

## D.  The Massachusetts Offense of Larceny from the Person Is Not a Crime of Violence Under the Elemental Clause of U.S.S.G. §4B1.2(a)(1)

In *United States v. De Jesus*, 984 F2d 21 (1st Cir. 1993) this Court held that M.G.L. c.266 §25(b), which provides that: "(b) Whoever commits larceny by stealing from the person of another shall be punished by imprisonment...," "is not a crime of violence under U.S.S.G. §4B1.2(1)(i)][12]."  984 F.2d at 23.  As this Court recognized, under Massachusetts law "in order to satisfy 'the essential elements' of the statutory definition, the taking need not be from the victim's

---

[12]  Amendment 568 to the Sentencing Guidelines changed the numbering of subsections of §4B1.2 from §4B1.2(1)(i) to the current §4B1.2(a)(1) effective November 1, 1997.  The amendment made no substantive changes.

person so long as it is 'from the presence of the victim,' that is, from 'within his area of control.' [citation omitted]." *Id*.   Accordingly, "[b]ecause actual or threatened use of force is not an element of the offense in Massachusetts, larceny from the person does not fit within subsection (i) of U.S.S.G. §4B1.2(1)." *Id*.  *See also United States v. Rodriguez*, 659 F.3d 117, 118 (1st Cir. 2011) ("The use of physical force is not an element of the offense [of Massachusetts larceny from the person].").

Absent the residual clause, Mr. Wurie's conviction for larceny from the person cannot serve as a predicate offense for career offender classification.

### E.  The Massachusetts Offense of Assault and Battery With a Dangerous Weapon Is Not a Crime of Violence Under the Elemental Clause of U.S.S.G. §4B1.2(a)(1)

#### 1.  Whether Massachusetts Assault and Battery With a Dangerous Weapon is a Single Offense That may  be Committed by Various Manner and Means, or Multiple, Distinct, Offenses (and if Multiple, how Many)  is Ambiguous

M.G.L. c.265 §15A provides, in pertinent part: "(b) Whoever commits an assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment...."

Section 15A does not define the elements of assault and battery with a dangerous weapon ("ABDW").  Nor are the elements defined in M.G.L. c.265

§13A, which punishes the necessarily included offenses of assault or assault and battery. *See Commonwealth v. Porro*, 458 Mass. 526, 939 N.E.2d 1157 (Mass. 2010) (assault is lesser included offense of assault and battery); *Commonwealth v. Connolly*, 49 Mass.App.Ct. 424, 730 N.E.2d 318 (Mass.App.Ct. 2000) (assault and battery is lesser included offense of assault and battery with dangerous weapon). "[T]he elements necessary to convict a person of these crimes are determined by common law." *Commonwealth v. Porro*, 458 Mass. at 529, 939 N.E.2d at 1162. In *United States v. Glover*, 558 F.3d 71, 81 n.5 (1st Cir. 2009), this Court noted that it could look to case law to define statutorily undefined terms under the categorical approach.[13]

ABDW is a form of assault and battery. It has been defined in various ways.

> "An assault and battery is the intentional and unjustified use of force upon the person of another, *however slight*..." [citation omitted] . Under §15A, the battery must be accomplished *by means of* the dangerous weapon, and not merely while possessing the weapon. [citations omitted]. Therefore, §15A requires an assault by means of a dangerous weapon,...and also an intentional, unjustified touching, however slight, by means of that dangerous weapon.

*Commonwealth v. Appleby*, 380 Mass. 296, 306, 402 N.E.2d 1051, 1058 (Mass.

---

[13] *See also United States v. Hemingway*, 734 F.3d 323, 331-332 (4th Cir. 2013) (using case law to define elements of common law offense in applying *Descamps* divisibility analysis).

1980) (emphasis in original).

Discussing what it termed "the intentional theory" of ABDW, the court in

*Commonwealth v. Ford*, 424 Mass. 709, 711-712, 677 N.E.2d 1149, 1151-1152

(Mass. 1997) stated:

> In order to convict the defendant under the intentional theory, the
> Commonwealth had to prove beyond a reasonable doubt that the
> defendant intended to commit an assault by means of a dangerous
> weapon, and having intended to commit the assault did touch the
> victim with the dangerous weapon....It is not enough for the jury to
> find that the defendant intentionally did the act which resulted in the
> touching.

The court in *Commonwealth v. Burke*, 390 Mass. 480, 482-483, 457 N.E.2d

622, 624-625 (Mass. 1983) explained (discussing elements of assault and battery):

> Assault and battery is a common law crime...  An assault is an offer or
> attempt to do a battery [citation omitted].  Every battery includes an
> assault [citation omitted]....Because there are harmful batteries and
> offensive batteries, there is a bifurcation in the law of battery.  Any
> touching "with such violence that bodily harm is likely to result" is a
> battery, and consent thereto is immaterial. [citations omitted].  Consent
> is likewise immaterial to a charge of assault and battery by means of a
> dangerous weapon, which necessarily entails a risk of bodily harm.
> [citations omitted].
> ....
> [I]n a prosecution for nonharmful battery, lack of consent is an element
> of the Commonwealth's case.

In *Commonwealth v. Burno*, 396 Mass. 622, 625, 487 N.E.2d 1366, 1368-

1369 (Mass. 1986) (sufficiency of evidence of ABDW) the court set out other

definitions:

> Our common law recognizes two separate aspects to the crimes of
> assault and battery. An assault and battery is "the intentional and
> unjustified use of force upon the person of another, however slight"
> [citation omitted] or the intentional commission of a wanton or
> reckless act (something more than gross negligence)[14] causing physical
> or bodily injury[15] to another [citation omitted].

*See also  Commonwealth v. Porro*, 458 Mass. at 529, 939 N.E.2d at 1162

(discussing elements of assault and assault and battery and stating: "Under the

common law, there are two theories of assault and battery: intentional battery and

reckless battery.").

There are also two categories of dangerous weapons: "those dangerous per

se and those dangerous as used." *Commonwealth v. Appleby*, 380 Mass. at 303,

402 N.E.2d at 1056. "A 'dangerous weapon per se' is an instrumentality designed

and constructed to produce death or great bodily harm." *Id*. Examples of a

weapon dangerous as used include a kitchen-type knife, a dog, a straight razor, a

walking stick. 380 Mass. at 304, 402 N.E.2d at 1057. "Any touching with a

potentially dangerous weapon can be assault and battery by means of a dangerous

---

[14]  Reckless conduct involves "'a high degree of likelihood that substantial
harm will result to another.'" *See Commonwealth v. Welch*, 16 Mass.App.Ct. 271,
275, 450 N.E.2d 1100, 1102 (Mass.App.Ct. 1983).

[15]  The injury "need not have been permanent, but it must have been more
than transient and trifling." *Burno*, 396 Mass. at 627, 487 N.E.2d at 1370.

weapon for purposes of §15A, provided that the assault element and the

intentional application of force are established."  380 Mass. at 307, 402 N.E.2d at

1058.

Addressing charges of assault and battery, Massachusetts courts have held

that jurors need not be instructed they must unanimously agree on a particular

form of the offense of assault and battery.  *Commonwealth v. Mistretta*, 84

Mass.App.Ct. 906 (2013) (intentional or reckless); *Commonwealth v. Davis*, 83

Mass.App.Ct. 1108 (2013) (harmful or offensive).  *See also Commonwealth v.*

*Santos*, 440 Mass. 281 (2003), *overruled on other grounds Commonwealth v.*

*Anderson*, 461 Mass. 616 (2012) (theory of assault element of armed robbery).

 The Massachusetts district court criminal model jury instructions for

ABDW (Instruction 6.300) separately define the elements of intentional ABDW[16]

and the elements of reckless ABDW[17] and instruct that "[i]f both the intentional

_____

[16]  The Commonwealth "must prove three things beyond a reasonable doubt:
*First*: That the defendant touched the person of [alleged victim], however slightly,
without having any right or excuse for doing so; *Second*: That the defendant
intended to touch [alleged victim]; and *Third*: That the touching was done with a
dangerous weapon."

[17]  The Commonwealth "must prove three things beyond a reasonable doubt:
*First*: That the defendant engaged in actions which caused bodily injury to
[alleged victim].  The injury must be sufficiently serious to interfere with the
alleged victim's health or comfort.....*Second*: That the bodily injury was done with
a dangerous weapon; and *Third*: That the defendant's actions amounted to reckless

27

and reckless theories of culpability are submitted to the jury, the judge must

provide the jury with a verdict slip to indicate the theory or theories on which the

jury bases its verdict and is required, on request, to instruct the jurors that they

must agree unanimously on the theory of culpability."  Instructions available at:

http://www.mass.gov/courts/docs/courts-and-judges/courts/

district-court/jury-instructions-criminal/6000-9999/6300-assault-and-battery-by-

means-of-a-dangerous-weapon.pdf.

However, in *Commonwealth v. Eberhart*, 461 Mass. 809, 818 and n.13

(2012), the court described assault and battery as "encompass[ing] three common-

law crimes:  harmful battery, reckless battery, and offensive battery," and then

noted that "[m]ore precisely, '[u]nder the common law there are two theories of

assault and battery: intentional battery and reckless battery.'[citation omitted].

Offensive battery is a form of intentional battery.. [citation omitted]."  In *United

States v. Holloway*, 630 F.3d 252, 257 (1st Cir. 2011), this Court construed

Massachusetts assault and battery as "cover[ing] multiple offenses.  Specifically,

the statute encompasses three types of battery: (1) harmful battery; (2) offensive

battery; and (3) reckless battery."  It held that harmful battery was a violent felony

under the ACCA, and that reckless battery was not.

conduct....."

28

### 2. Massachusetts ABDW is not a Categorical Crime of Violence Under Federal Law

Wurie submits that Massachusetts ABDW is not a categorical crime of violence under the elements clause for two independent reasons: 1) it may be committed by an offensive touching and, therefore, lacks the violent force required by *Johnson I*; and 2) it may be committed recklessly and, therefore, lacks the *mens rea* required to qualify as a crime of violence.

### a. ABDW Lacks the Requirement of Violent Force

This Court has found Massachusetts ABDW to be a crime of violence under the residual clause of the guidelines (U.S.S.G. §4B1.2(a)(2)). *United States v. Glover*, 538 F.3d 71 (1st Cir. 2009).[18] It has never held that ABDW is a crime of violence under the elemental, or force, provision of §4B1.2(a)(1). Rather, it has held that ABDW does *not* qualify as a crime of violence under the similarly worded "elements" clause of the "crime of violence" provision in 18 U.S.C. §16. *United States v. Fish*, 758 F.3d 1 (1st Cir. 2014).

*Fish* challenged a conviction for possessing body armor after having been convicted of a crime of violence (*see* 18 U.S.C. §931, incorporating definition of crime of violence from 18 U.S.C. §16), asserting, *inter alia*, that a Massachusetts

---

[18] This Court has also held that ABDW is a violent felony under the residual clause of the ACCA. *United States v. Hart*, 674 F.3d 33 (1st Cir. 2012).

conviction for ABDW did not qualify as a crime of violence.  Section 16 defines a

crime of violence, in relevant part, as: "(a) an offense that has as an element the

use, attempted use, or threatened use of physical force against the person or

property of another."   Describing the government's decision not to argue that

Massachusetts ABDW qualifies as a crime of violence under §16(a) as a decision

made "with good reason," this Court explained that the use of physical force

required by §16(a) is the same use of physical force required under the ACCA.

758 F.3d at 9.   As the Supreme Court held in *Johnson I*, this physical force is

"*violent* force - that is, force capable of causing physical pain or injury to another

person." 599 U.S. at 140 (emphasis in original).

Under the categorical analysis first set out in *Taylor v. United States*, 495

U.S. 575 (1990), the court examines the elements of the offense "'to determine

whether the conduct criminalized by the statute, including the most innocent

conduct, qualifies as a crime of violence' [citations omitted]".  *Fish*, 758 F.3d at 5.

If those elements do not necessarily give rise to an offense meeting the criteria for

a crime of violence, the statute is overbroad.  *See also United States v. Ramos-*

*Gonzalez*, 775 F.3d at 504 ("Under the categorical approach, an offense

constitutes a crime of violence 'only if its elements are such that we can conclude

that a person convicted of the offense has "necessarily" been found guilty of

conduct that meets the [§4B1.2(a)] definition.' [citation omitted] The categorical

approach limits the court's inquiry to 'the elements of the statute of conviction,

not...the facts of each defendant's conduct.' [citations omitted].").

As this Court found in *Fish*, Massachusetts ABDW did not meet this

categorical test: "And since ABDW may be accomplished by a mere 'touching,

however slight,' [citation omitted] it does not have 'as an element the use' of

physical force.  As a result, it is overbroad."  *Fish*, 758 F.3d at 9.

The Massachusetts district court jury instruction for intentional ABDW

supports this conclusion, requiring proof that: *"First*: That the defendant touched

the person of [alleged victim], however slightly, without having any right or

excuse for doing so; *Second*: That the defendant intended to touch [alleged

victim]; and *Third*: That the touching was done with a dangerous weapon."  So

instructed, a jury never need find as an element the use of violent force required by

*Johnson I*.  Yet,

> [t]he Sixth Amendment contemplates that a jury – not a sentencing
> court – will find such facts, unanimously and beyond a reasonable
> doubt.  And the only facts the court can be sure the jury so found are
> those constituting elements of the offense – as distinct from amplifying
> but legally extraneous circumstances.

*Descamps*, 133 S.Ct. at 2288.

The same "good reason" underlying this Court's conclusion in *Fish* that

ABDW is overbroad under §16(a) requires rejecting Massachusetts ABDW as a crime of violence under U.S.S.G. §4B1.2(a)(1) of the guidelines.  Section 4B1.2(a)(1) requires that the offense have as "an element the use, attempted use, or threatened use of physical force against the person of another."  Like the physical force required under the ACCA and §16(a), force under §4B1.2(a)(1) must be violent force.  Because ABDW may be premised on a touching no matter how slight, it is overbroad and does not qualify as a categorical crime of violence under U.S.S.G.  §4B1.2(a)(1).

A contrary result cannot be supported by importing considerations that were only applicable to the now abrogated residual clause.  In *United States v. Glover*, 558 F.3d 71 (1st Cir. 2009), this Court held that a  Massachusetts ABDW conviction was properly classified as a crime of violence under the residual clause for an enhancement under U.S.S.G. §2K2.1(a)(2).  *Glover* concluded that "[b]ecause a defendant must employ a 'dangerous weapon' to be convicted of ABDW it is evident that the offense poses a serious potential risk of physical injury to another." 558 F.3d at 81. The Court rejected an argument that, like simple assault and battery, ABDW included both harmful battery and offensive touching (both with a dangerous weapon) and, therefore, could not be a categorical crime of violence.  Rather, it concluded that the presence of a

32

dangerous weapon made the crime more likely than simple assault and battery to pose a serious risk of potential injury to another. The Court also rejected the defense contention that because there were scenarios of non-violent conduct that could result in a conviction for ABDW (e.g. consensual sexual activity involving a dangerous weapon), ABDW could not be categorically a crime of violence. The Court limited its residual clause analysis to the "ordinary case" of the offense, and rejected the alternative non-violent scenarios posited by the defense as outside the ordinary. 558 F.3d at 81-82.

However, for the reasons set out above, the residual clause can no longer justify classification of a conviction as a crime of violence. The elemental clause analysis does not include the residual clause assessment of whether an offense is likely to pose a serious risk of potential injury to another or its comparison of degrees of risk. Nor does the elemental clause look to determine the nature or impact of the ordinary case of an offense as did the residual clause analysis. Rather, the question to be answered under the elemental clause is only whether an offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." As defined by the Supreme Court in *Johnson I*, that analysis looks only to whether violent physical force is required to establish the offense; whether violent physical force is a necessary element of the

33

offense.

### b. ABDW Lacks the Required *Mens Rea* Because it may be Committed Recklessly

*Fish* also concluded that a *mens rea* of recklessness could not establish that physical force may be used in committing an offense. It did so in discussing the *mens rea* required for an offense to qualify as a crime of violence under §16(b), a provision not requiring the use of violent force as an element, but requiring a "substantial risk" that physical force "may be used" in committing an offense. *Fish* grounded its conclusion on *Leocal v. Ashcroft*, 543 U.S. 1 (2004), in which the Supreme Court rejected the government's argument that the "use" of force did not require proof of *mens rea* and held that "use" meant "active employment" and required a *mens rea* greater than negligence. *Fish* concluded that "*Leocal*'s rationale would seem to apply equally to crimes requiring reckless conduct wherein force is brought to bear accidentally, rather than being actively employed," noted that other circuit courts of appeals had held that recklessness offenses were not crimes of violence under §16(b), and "[o]n the force of *Leocal*'s logic," held the same. *Fish*, 758 F.3d at 9-10. Analyzing Massachusetts ABDW, *Fish* concluded that it did permit convictions based on recklessness and, therefore, could not qualify as a crime of violence under §16(b) which required a substantial

risk that force may be used rather than a substantial risk that injury would result.

*Id*. at 16.

Other Circuits have held that the "use of physical force" clauses of both the ACCA (18 U.S.C. §924(e)(2)(B)(i)) and the federal sentencing guidelines (U.S.S.G. §4B1.2(a)(1) and other guidelines provisions employing the same definition) require more than reckless conduct.  *See United States v. Boose*, 739 F.3d 1185, 1188 (8th Cir. 2014) ( U.S.S.G. §4B1.2(a)(1)); *United States v. McMurray*, 653 F.3d 367, 374-375 (6th Cir. 2011) (ACCA); *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010) (U.S.S.G. §2L1.2[19]); *United States v. Valdez-Martinez*, 295 Fd.Appx. 832 (7th Cir. 2008) (U.S.S.G. §2L1.2); *United States v. Zuniga-Soto*, 527 F.3d 1110 (10th Cir. 2008) (U.S.S.G. §2L1.2).

### c.  Massachusetts ABDW is not Subject to the Modified Categorical Analysis

If this Court concludes that Massachusetts ABDW is not categorically a crime of violence, it could evaluate whether the offense is subject to the modified categorical analysis under the limited set of circumstances deemed permissible in *Descamps*.  For the reasons set forth below, Wurie submits that it is not.

---

[19]  Section 2L1.2 defines "crime of violence as one of a number of enumerated offenses or any other offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §2L1.2 Application Notes 1(B)(iii).

Before the modified categorical analysis can be used to determine whether a conviction qualifies as a crime of violence the Court must find that an overbroad offense is elementally divisible into multiple offenses, at least one of which is, categorically, a crime of violence.  A statute is divisible when it "sets out one or more elements of the offense in the alternative-"  *Descamps*, 133 S.Ct. at 2281. *See also Ramos-Gonzalez*, 775 F.3d at 505.

*Descamps* examined a statute whose text contained the elements of the offense and reserved the question of using judicial rulings interpreting a statute in addition to its text (133 S.Ct. at 2290).  Wurie suggests that where, as here, the statutory text contains only punishment provisions for a common law crime, the elements of the offense cannot be determined without the use of judicial rulings. Massachusetts ABDW and assault and battery case law provides alternative characterizations of the offenses.  As discussed above (*see* discussion at pp.24-28) some Massachusetts cases distinguish between intentional and reckless versions of the offense; others distinguish between harmful and offensive versions.  It is not clear whether these alternative ways of commission and differing *mens rea* requirements define offenses with alternative elements, or alternative manner and means of committing a single offense.  There is no consistent, unambiguous listing of alternative elements as there may be in a statute containing elements in its text.

36

Elements of an offense are those facts the jury must find "unanimously and beyond a reasonable doubt." *Descamps*, 133 S.Ct. at 2288. *See also Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151, 2160-2163 (2013); *United States v. O'Brien*, 560 U.S. 218, 224 (2010); *Richardson v. United States*, 526 U.S. 813, 817-818 (1999); *United States v. Lee*, 317 F.3d 26, 35-36 (1st Cir. 2003). Jury instructions, therefore, can assist in determining whether different forms of an offense are elementally different rather than simply different ways of committing a single offense. *See e.g. United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013). As set out above (*see* discussion at pp.27-28), some Massachusetts courts have held that jurors need not be instructed that they must unanimously agree on a particular form of the offense of assault and battery, while the Massachusetts district court criminal model jury instructions for ABDW state that the jury should, upon request, be instructed that unanimity on a theory of culpability (intentional or reckless) is required.

The Supreme Judicial Court has, in the same case, stated that assault and battery encompasses three common-law crimes (harmful, reckless, and offensive battery) and that there are two common law theories of assault and battery - intentional and reckless - with offensive battery being a form of intentional battery. *Commonwealth v. Eberhart*, 461 Mass. at 818 and n.13, 965 N.E.2d at 798

37

and n.13. Wurie submits that these alternative modes of analysis give rise to ambiguity as to whether the differing forms of Massachusetts ABDW are separate offenses with separate elements or separate means of committing a single crime.

The rule of lenity "applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." *Bifulco v. United States*, 447 U.S. 381, 387 (1980). *See also United States v. Bowen*, 127 F.3d 9 (1st Cir. 1997) (applying rule of lenity to interpreting sentencing guidelines provision). If whether Massachusetts ABDW is elementally divisible into more than one offense is ambiguous, the rule of lenity supports construing it as simply a single offense that is overbroad because it may be committed by various manner and means, one or more of which would qualify as a crime of violence and one or more of which would not. Conviction for an overbroad offense, even if one or more of the manner or means by which it may be factually committed would qualify as a crime of violence, may not be used to enhance a sentence.

Alternatively, even if this Court determines that Massachusetts ABDW is an offense that may be divided, elementally, into more than one offense, the modified categorical analysis remains inappropriate; none of the offenses into which ABDW may be divided can be classified categorically as a crime of violence under the elemental clause. Intentional ABDW does not require the violent force

38

mandated by *Johnson I*.  All that is required is a touching, however slight, with a

dangerous weapon.  *See, e.g. Commonwealth v. Appleby*, 380 Mass. at 306, 402

NE.2d at 1059.  Reckless ABDW does not have the necessary *mens rea*.  Even if

the element of  sufficiently violent force can be inferred from the requirement that

a defendant's actions caused bodily injury sufficiently serious to interfere with the

victim's health or comfort, it does not require intent to use such force against the

person of another.  *See e.g. Commonwealth v. Burno*, 396 Mass. at 625-627, 487

N.E.2d at 1369-1370 (discussing reckless assault and battery).  Harmful assault

and battery, defined in *Eberhart* as "'[a]ny touching "with such violence that

bodily harm is likely to result"...'" (461 Mass. at 818, 965 N.E.2d at 798), does not

specify a *mens rea;* it may be committed recklessly.   Offensive ABDW does not

require the necessary force.  It may be committed by a slight touching.  *See e.g.*

*Commonwealth v. Cohen*, 55 Mass.App.Ct. 358, 359, 771 N.E.2d 176, 177-178

(Mass.App.Ct. 2002) (discussing offensive assault and battery).  Accordingly,

since not one of the offenses into which Massachusetts ABDW could be divided

is, elementally, a categorical crime of violence, the modified categorical analysis

cannot be used.

Applying the categorical analysis, Mr. Wurie's conviction for

Massachusetts ABDW cannot be classified as a crime of violence under the

elemental clause of U.S.S.G. §4B1.2(a)(1).  His sentence must be vacated and the case remanded for resentencing without the career offender enhancement.

### 3.  Remand for Resentencing is Required Even if the Modified Categorical Analysis is Appropriate

If this Court determines that there is a form of Massachusetts ABDW that could be classified as an elemental crime of violence so that a modified categorical analysis is appropriate, Mr. Wurie's' sentence must be vacated and the case remanded for resentencing at which the government can attempt to meet its burden of establishing that Mr. Wurie's' ABDW conviction was for the form of the offense qualifying as a crime of violence under the elemental clause.   That question was not addressed at Mr. Wurie's' sentencing because this Court had held ABDW to be a crime of violence under the residual clause and sentencing occurred prior to the Supreme Court's decision in *Johnson II* abrogating reliance on the residual clause.  Mr. Wurie did object to the use of non-*Shepard* documents to classify any of his prior convictions.

**F. The Massachusetts Offense of Assault and Battery On a Police Officer Is Not a Crime of Violence Under the Elemental Clause of U.S.S.G. §4B1.2(a)(1)**

**1. This Court's Prior Recognition That Neither Violence nor Force are Statutorily Elements of the Offense of Assault and Battery on a Police Officer  Precludes its Classification as a Crime of Violence**

At the time Mr. Wurie was convicted of assault and battery on a police officer (ABPO), M.G.L.A. c.265 §13D provided: "Whoever commits an assault and battery upon any public employee when such person is engaged in the performance of his duties at the time of the assault and battery, shall be punished by imprisonment for ....."

While holding ABPO to be "categorically a crime of violence within the meaning of the career offender provisions of the sentencing guidelines, U.S.S.G. §4B1..." (*United States v. Fernandez*, 121 F.3d 777, 780 (1st Cir. 1997)) this Court also stated that: "it is true that neither violence, nor the use of force, is an element of the offense as statutorily defined,..." *Id*.  The remainder of its analysis focused on the risk of physical harm relevant to residual clause analysis.  121 F.3d at 779-780.  *See also United States v. Dancy*, 640 F.3d 455, 466 (1st Cir. 2011) (*Fernandez* held ABPO to be a crime of violence under the residual clause).

In. *Dancy* this Court expanded its analysis under the residual clause of the ACCA. It recognized that ABPO may be committed recklessly (640 F.3d at 468)

41

and discussed that in the context of a residual clause analysis under *Begay*, addressing purposefulness, similarity in kind, and the typicality requirement under the residual clause. It discussed the "'high degree of likelihood [of] substantial harm'" arising from the offense, the heightened level of knowledge arising from the requirement that the defendant know his potential victim is a police officer engaged in the performance of his duties, and the "'serious risk of actual or potential physical force and the likelihood of physical injury.'" 640 F.3d at 469-470. This Court also discussed the risk of injury to the defendant and/or bystanders from an officer's use of force in response to any action by the defendant whether or not the defendant's actions are reckless, invoking the "powder keg" theory and the concept of the typical case under the residual clause (640 F.3d at 470). Because the court found the offense qualified under the residual clause it did not reach the elemental, force clause (*id*.). Wurie submits that the residual clause analysis, including the analysis of recklessness, cannot simply be applied to an elemental analysis which does not examine likely risk of physical injury or the typical case.

In light of both *Johnson I* and *Johnson II*, this Court's earlier statement in *Fernandez* "that neither violence, nor the use of force, is an element of the offense [Massachusetts ABPO] as statutorily defined," (121 F.3d at 780) should preclude

the classification of Massachusetts ABPO as a crime of violence under the guidelines. *Fernandez* recognizes that the violent force required to support classification under the elemental clause (*Johnson I*) is lacking. After *Johnson II* the residual clause no longer supports that classification.

Massachusetts case law supports *Fernandez*'s conclusion that neither violence nor force is statutorily required for conviction. In *Commonwealth v. Zekirias*, 443 Mass. 27, 819 N.E.2d 166 (Mass. 2004) (cited in *Dancy*), the Supreme Judicial Court demonstrated that the violent force required by *Johnson I* is *not* required for a conviction for ABPO . There, it was unclear whether the jury had found the flailing of defendant's arms while court officers attempted to remove him from a courthouse, and hitting each officer in the forearm as he did so, to be negligent or reckless. In vacating a conviction and remanding for a new trial, rather than ordering the entry of a judgment of acquittal, the court implicitly found the evidence of flailing and hitting the forearm, if reckless, to be sufficient to support convictions for assault and battery on public employees. 443 Mass. at 28-29, 819 N.E.2d at 167-168. *See also Commonwealth v. Medina*, 43 Mass.App.Ct. 534, 684 N.E.2d 638 (Mass.App.Ct. 1997) (recognizing two theories of ABPO; the offense could be committed by intentional touching or by wanton and reckless conduct); *Commonwealth v. Moore*, 36 Mass.App.Ct. 455,

43

632 N.E.2d 1234 (Mass.App.Ct. 1994) (intentional touching, however slight,

required for both ABDW and ABPO under intentional use of force theory);

*Commonwealth v. Correia*, 50 Mass.App. Ct. 455, 737 N.E.2d 1264

(Mass.App.Ct. 2000) (assault and battery is lesser included offense of ABPO,

which requires proof of two elements in addition to those elements required for

assault and battery ); *Commonwealth v. Rosario*, 13 Masss.App.Ct. 920, 430

N.E.2d  866 (1982) (rescript) (defendant inadvertently striking police officer

intending to strike someone else may be convicted of lesser-included offense of

assault and battery).

The District Court jury instructions also support the conclusion that violent

force is not required to commit assault and battery on a police officer.  The model

instruction for intentional assault and battery on a police officer or public

employee (Instruction 6.210) provides:

> In order to prove that the defendant is guilty of having committed
> an intentional assault and battery on a police officer (public employee),
> the Commonwealth must prove six things beyond a reasonable doubt:
>
> *First*: That the defendant intended to touch [the alleged victim],
> without having any right or excuse for so doing;
>
> *Second*: That the defendant intended to touch [the alleged victim];
>
> *Third*: That the touching was *either* likely to cause bodily harm to
> [the alleged victim], *or* was done without his (her) consent;

*Fourth*: That [the alleged victim] was a police officer (public employee);

*Fifth*: That the defendant knew [the alleged victim] was a police officer (public employee); and

*Sixth*: That [the alleged victim] was engaged in the performance of his (her) duty at the time of the alleged incident.

The instruction for reckless assault and battery on a police officer (public employee) provides, in part:

In order to prove that the defendant is guilty of having committed an assault and battery upon a police officer (public employee) by reckless conduct, the Commonwealth must prove five things beyond a reasonable doubt:

*First*: That the defendant intentionally engaged in actions which caused bodily injury to [the alleged victim];

*Second*: That the defendant's actions amounted to reckless conduct;

*Third*: That [the alleged victim] was a police officer (public employee);

*Fourth*: That the defendant knew [the alleged victim] was a police officer (public employee); and

*Fifth*: That [the alleged victim] was engaged in the performance of his (her) duty at the time of the alleged incident.

Instructions *available at*: http://www.mass.gov/courts/docs/courts-and-judges/

courts/district-court/jury-instructions-criminal/6000-9999/6210-assault-and-

battery-on-police-officer-or-public-employee.pdf.  Neither of these forms requires,

45

elementally,[20] the intentional use of violent force.

The elemental clause of U.S.S.G. §4B1.2(a) requires that the use, attempted use, or threatened use of force (required under *Johnson I* to be violent force) be necessary to a conviction for an offense to qualify as a crime of violence.  Since, as this Court recognized in *Fernandez*, Massachusetts ABPO does not meet that requirement, Mr. Wurie's conviction for that offense cannot serve as a predicate for career offender status.

Even if *Fernandez* alone does not preclude classification of ABPO as a crime of violence, Wurie submits that ABPO is not a crime of violence because, as in the analysis of ABDW (*see* pp.23-40) it can be committed by a touching, no matter how slight, or recklessly.  *See* cases discussed at pp.41-42.

### G. The Massachusetts Offense of Resisting Arrest Is Not Categorically a Crime of Violence Under the Elemental Clause of U.S.S.G. §4B1.2(a)(1)

#### 1. Massachusetts Resisting Arrest Does Not Have as an Element the Use of Violent Force Required by *Johnson I*

The elements of resisting arrest in Massachusetts are set out in M.G.L.A. c.268 §32B:

---

[20]  An element of an offense is a fact that "must be charged in an indictment and proved to a jury beyond a reasonable doubt."  *United States v. O'Brien*, 560 U.S. 218, 224 (2010).  *See also Alleyne v. United States*, 133 S.Ct. 2151, 2160-2163 (2013); *Descamps v. United States*, 133 S.Ct. 2276, 2288-2289 (2013).

(a) A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by:

  (1) using or threatening to use physical force or violence against the police officer or another; or

  (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another.

Section 32B(a)(2), which does not require the use of force, is not a crime of violence under U.S.S.G. §4B1.2(a)(1), the elemental clause of the guidelines. Following *Johnson II*, the residual clause (U.S.S.G. §4B1.2(a)(2)) can no longer support classification of resisting arrest under that prong of the statute as a crime of violence.

Wurie submits that §32B(a)(1) also falls short of establishing a categorical crime of violence under U.S.S.G. §4B1.2(a)(1). Under *Johnson I* physical force must be violent force to establish a categorical crime of violence. The phrase "physical force or violence" in  §32B(a)(1), distinguishing between "physical force" and "violence," suggests that physical force not rising to the level of violent force is sufficient to establish the offense of resisting arrest under that provision.

Decisions by Massachusetts courts support this conclusion. Defendant's standing rigid and upright, refusing to bend as an officer attempted to put him in a cruiser, and pulling away was held to be a sufficient use of force to support a

conviction. *Commonwealth v. Katykhin*, 59 Mass.App.Ct. 261, 262, 794 N.E.2d 1291, 1292 (Mass.App.Ct. 2003). Stiffening arms was held sufficient under either prong of the statute in *Commonwealth v. Maylott*,65 Mass.App.Ct. 466, 841 N.E.2d 717 (Mass.App.Ct. 2006). A defendant's struggling to pull his arms forward after an officer had pulled one arm behind the defendant's back and told him he was under arrest, refusing to move his feet and pushing backwards, and "straining to turn" while officers tried to bring him to a cruiser, was held sufficient to allow a finding beyond a reasonable doubt that defendant "used physical force against [the officers] to attempt to prevent them from effecting the arrest." *Commonwealth v. Joyce*, 84 Mass.App.Ct. 574, 581, 998 N.E.2d 1038, 1044 (Mass.App.Ct. 2013). In sum, the conduct held sufficient to support a conviction under the "physical force or violence" prong of the Massachusetts resisting arrest statute does not constitute the violent physical force required to establish a crime of violence under U.S.S.G. §4B1.2(a)(1). Resisting arrest is not, therefore, categorically a crime of violence.

Wurie further suggests that the Massachusetts district court jury instruction for resisting arrest (Instruction 7.460) supports the conclusion that c.268 §32B(a)(1) is not divisible under *Descamps* and, therefore, the modified categorical analysis cannot be applied. The instruction distinguishes between

§32B(a)(1) and §32B(a)(2) but does not distinguish between physical force and violence. The jury must find "[t]hat the defendant resisted: either by using, or threatening to use, physical force or violence against the police officer (or another person); or by using some other means which created a substantial risk of causing bodily injury to the police officer (or another person);" (emphasis in original). Instructions *available at*: http://www.mass.gov/courts/docs/courts-and-judges/ courts/district-court/jury-instructions-criminal/6000-9999/7460-resisting- arrest.pdf.  Accordingly, the instructions do not require a jury to distinguish between physical force and violence or to find violent force as a necessary element of the offense.  Absent such a requirement, the statute is not divisible and cannot serve as a predicate crime of violence.

Wurie recognizes that this Court held that a conviction for Massachusetts resisting arrest is a crime of violence under U.S.S.G. §4B1.2 under both the elements clause and the residual clause in *United States v. Almenas*, 553 F.3d 27 (1st Cir. 2009) and applied its holdings from *Almenas* to the ACCA in *United States v. Weekes*, 611 F.3d 68 (1st Cir. 2010).  It reaffirmed its holdings in *United States v. Grupee*, 682 F.3d 143 (1st Cir. 2012); *United States v. Davis*, 676 F.3d 3 (1st Cir. 2012); and *United States v. Tavares*, 705 F.3d 4 (1st Cir. 2013).  He submits that these holdings should be reconsidered in light of subsequent Supreme

Court law.

Following *Johnson II*, the residual clause cannot support the classification of resisting arrest as a crime of violence. And in none of the resisting arrest cases did this Court address the impact of the Supreme Court's decision in *Johnson I* requiring that the physical force sufficient to qualify an offense as a crime of violence under the elemental clause be violent force, perhaps because it deemed the residual clause sufficient to support the classification. It should address that impact now and, after analysis, should conclude that Massachusetts resisting arrest does not require the use of violent force needed to qualify as a categorical crime of violence. Accordingly, Mr. Wurie's conviction for resisting arrest may not serve as a career offender predicate.

### 2. Remand for Resentencing is Required Even if the Modified Categorical Analysis is Appropriate

Alternatively, if this Court determines that the resisting arrest statute is divisible under *Descamps* into elementally different offenses, one or more requiring the use of violent force and one or more not requiring such force, it should vacate Mr. Wurie's' sentence and remand for resentencing without the crime of violence enhancement unless the government can meet its burden of establishing that Mr. Wurie's conviction for resisting arrest was for the violent

form.

## CONCLUSION

For the foregoing reasons Mr. Wurie's' sentence should be vacated and the case remanded for resentencing without enhancement for "crimes of violence" based on his prior convictions for ABDW, ABPO, larceny from the person and resisting arrest or for resentencing without enhancement for "crimes of violence" based on his prior convictions for ABDW, ABPO and resisting arrest unless the government can establish that his prior convictions were for a violent form of those offenses.

Respectfully submitted,
*/s/Judith H. Mizner*
Judith H. Mizner, AFPD
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061
Identification No. 11056

Dated: September 21, 2015          Attorney for Appellant

## Certificate of Compliance with FRAP Rule 32(a)

I, Judith H. Mizner, hereby certify that the foregoing brief of Appellant Brima Wurie complies with the type-volume limitation of FRAP 32(a)(7).

1.  The brief contains 11,591 words excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii).

2.  The brief has been prepared in a proportionally spaced typeface using Wordperfect X6 in 14 point Times New Roman.

*/s/ Judith H. Mizner*

## Certificate of Service

I, Judith H. Mizner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, including all counsel of record, specifically, Dina M. Chaitowitz, Timothy E. Moran, and John A. Wortmann, Jr., as identified on the Notice of Electronic Filing on September 21, 2015

*/s/Judith H. Mizner*

# ADDENDUM

Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Add.1

✎AO 245B(05-MA)        (Rev. 06/05) Judgment in a Criminal Case
                       Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| **Brima Wurie** | Case Number: **1:  08 CR 10071   - 001 - RGS** |
| | USM Number: 24753-038 |
| | Judith H. Mizner |
| | Defendant's Attorney |

☐ Additional documents attached

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36) (Nature of Offense *)

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☑ was found guilty on count(s)    2  _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|---|
| 21 USC § 841(a)(1) | Distribution of Cocaine Base * | 09/05/07 | 2 |

The defendant is sentenced as provided in pages 2 through ___10___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/16/15
Date of Imposition of Judgment

*(signature)*
Signature of Judge

The Honorable Richard G. Stearns
Judge, U.S. District Court
Name and Title of Judge

3-31-15.
Date

**ADD.1**

✎AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

| | Judgment — Page | 2 | of | 10 |

DEFENDANT: **Brima Wurie**
CASE NUMBER: **1: 08  CR  10071   - 001 - RGS**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:     168     month(s)

as to Count 2.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant participate in all available substance abuse treatment, including, the 500-Hour Residential Drug Abuse program and participate in anger management counseling.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.  on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**ADD.2**

AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page __3__ of __10__

DEFENDANT: **Brima Wurie**
CASE NUMBER: **1: 08 CR 10071 - 001 - RGS**

☑ See continuation page

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    48    month(s)

as to Count 2.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**ADD.3**

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
　　　　　　　　　　Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:　　**Brima Wurie**　　　　　　　　　　　　Judgment—Page ___4___ of ___10___
CASE NUMBER:　**1: 08  CR  10071    - 001 - RGS**

## ADDITIONAL☐ SUPERVISED RELEASE☐PROBATION TERMS

### Continuation of Conditions of ☑Supervised Release ☐ Probation

1.  The defendant is to participate in a program for substance abuse counseling as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs.  The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third- party payment.

2.  The defendant is to participate in an anger management treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

**ADD.4**

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **Brima Wurie** | Judgment — Page ___5___ of ___10___ |
| CASE NUMBER: **1: 08 CR 10071 - 001 - RGS** | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $    $100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

                                                  ☐ See Continuation Page

| **TOTALS** | $    $0.00 | $    $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

✎AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **Brima Wurie** | Judgment — Page __6__ of __10__ |
| CASE NUMBER: **1: 08 CR 10071  - 001 - RGS** | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☒ Lump sum payment of $ ___$100.00___ due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several                                                     ☐ See Continuation Page

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.